IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Dea'Shawn Victor Harrison,<br><br>        Plaintiff,<br>  v.<br><br>Mark Leiendecker and Cameron Blazer,<br><br>        Defendants. | Case No. 9:23-cv-04977-RMG<br><br><br>**ORDER AND OPINION** |

     This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that the Court dismiss this action without prejudice, without leave to amend, and without issuance and service of process. (Dkt. No. 11). Plaintiff has filed an objection to the R&R. (Dkt. No. 13). For the reasons set forth below, the Court adopts the R&R as the Order of the Court.

    **I.**    **Legal Standard**

     The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## II. **Discussion**

Plaintiff, proceeding *pro se*, asserts claims under 42 U.S.C. § 1983 for violations of his Fifth and Sixth Amendment rights. Plaintiff brings this action against the Circuit Public Defender for Calhoun, Dorchester, and Orangeburg Counties—Defendant Mark Leiendecker—and the Circuit Public Defender for Berkeley and Charleston Counties—Defendant Cameron Blazer. The crux of Plaintiff's § 1983 claim appears to be that he did not want to be represented by public defenders.

The Magistrate Judge identified numerous legal bases for dismissal of this action, which include: (1) Plaintiff failed to allege any facts against the named defendants in this action; (2) Plaintiff failed to allege any facts supporting a theory of supervisory liability; (3) public defenders are not generally considered to be state actors under § 1983; (4) to the extent Plaintiff requests for the Court to intervene in a pending criminal case, Federal courts normally refrain from doing so absent extraordinary circumstances; (4) Plaintiff failed to bring the case in the proper form; and (5) the Court lacks jurisdiction over any state law claims that Plaintiff may be asserting because there is no federal jurisdiction. (Dkt. No. 11). Plaintiff's objection to the R&R did not address the numerous deficiencies in his complaint, as detailed in the R&R.

After a careful review of the record in this matter and the R&R, the Court finds that the R&R ably summarizes the legal and factual issues in this matter and correctly concludes that this action should be dismissed without prejudice and without service of process. The Court further agrees that any effort to amend the complaint would be futile in light of the significant legal deficiencies in Plaintiff's claim.

### III. Conclusion

The Court adopts the R&R of the Magistrate Judge (Dkt. No. 11) as the Order of the Court. This action is dismissed without prejudice, without leave to amend, and without issuance and service of process.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

March 5, 2024
Charleston, South Carolina